IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHERYL BRANNON,                 :

    Plaintiff,                  :

vs.                             :
                                       CIVIL ACTION 06-0012-BH-M
JO ANNE B. BARNHART,            :
Commissioner of
Social Security,                :

    Defendant.                  :


REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (Doc. 1).  The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendant has filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), arguing that Plaintiff failed to file this action in a timely fashion (Doc. 9).  Defendant correctly points out that Plaintiff had sixty-five days[1] from the date of the Appeals Council decision to file an action in this Court (Doc. 9, p. 3).

Plaintiff admits that her complaint was filed five days too

---

[1] This includes five days for the mailing of the Appeals Council notice.  20 C.F.R. §§ 404.901, 422.210(c) (2005).

late (Doc. 12, p. 1). Plaintiff's attorney goes on to state that the error was his—or, at least, the fault of his staff—and that it would be an "extreme hardship" on his client for her to suffer a dismissal of this action because of his error (Doc. 12, Ashbee Affidavit).

The Court is persuaded by Plaintiff's attorney's admission and finds that dismissing this action, under these circumstances, would not serve the public notions of justice or fairness. The Undersigned notes that this particular issue has arisen only one other time in the nineteen years of service on the bench, so there is no concern that the floodgates will be opened to late-filers.

Therefore, it is recommended that Defendant's Motion to Dismiss (Doc. 9) be denied and that this action proceed to judgment on the merits.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a

magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 25th day of April, 2006.

                                              <u>s/BERT W. MILLING, JR.</u>
                                              UNITED STATES MAGISTRATE JUDGE